UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. _____

JOSEPH POIDOMANI,

    Plaintiff,

v.

GREAT LAKES INSURANCE SE,

    Defendant.
_____ /

## **DEFENDANT'S NOTICE OF REMOVAL**

### **I. INTRODUCTION**

Defendant, Great Lakes Insurance SE ("Great Lakes"), removes the action pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2023-CA-000385-O. The Orange County Circuit Court is within the Orlando Division of the Middle District of Florida. Removal is based on diversity of citizenship pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), there being complete diversity of citizenship between Plaintiff, Joseph Poidomani ("Plaintiff"), and Great Lakes (collectively the "Parties"), and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

## II. Procedural Background and Compliance

Plaintiff commenced this action in state court on January 13, 2023.[1] However, Plaintiff did not serve the initial pleading. Thereafter, on February 3, 2023, Plaintiff filed an Amended Complaint. On February 13, 2023, Great Lakes was served with the Amended Complaint. Subsequently, on March 2, 2023, Plaintiff filed a Second Amended Complaint (the "Operative Complaint"). Notably, the pleadings are void of any specific allegations regarding the damages sought by the Plaintiff. Accordingly, the amount in controversy cannot be ascertained from the face of the pleadings. Furthermore, the pleadings do not attach any exhibits in support of Plaintiff's purported damages. Therefore, the case was not removable when the Amended Complaint was served, or when the Operative Complaint was filed, because the pleadings sought payment of unspecified damages, which prevented a determination of whether the case was removable based on the pleadings.

On April 3, 2023, Plaintiff served a post-suit written settlement demand (the "Demand") to resolve the allegations pled in the Operative Complaint. Plaintiff's Demand exceeds $75,000.00, exclusive of interest and costs. Therefore, the Demand, served on April 3, 2023, was the first paper upon which it became ascertained that Plaintiff's lawsuit was removable. Consequently, the deadline to

---

[1] A current and correct copy of the Orange County Circuit Court's progress docket is attached as **Exhibit A**.

remove this action is thirty days from the date of service of this "other paper." *See* 28 U.S.C. § 1446(b)(3); *Mikesell v. FIA Card Services, N.A.,* 936 F. Supp. 2d 1327 (M.D. Fla. April 4, 2013); *Pretka v. Kolter City Plaza II, Inc.,* 608 F. 3d 744, 751 (11th Cir. 2010); *Romulus v. CVS Pharmacy*, 770 F. 3d 67 (1st Cir. 2014). Accordingly, Great Lakes' deadline for removal is May 2, 2023, and this notice is thus timely pursuant to 28 U.S.C. § 1446(b)(3).

Copies of all process, pleadings, orders, and other papers or exhibits of every kind available to be copied from the state court are attached as **COMPOSITE EXHIBIT B** in compliance with 28 U.S.C. § 1446(a). Great Lakes will file any supplemental papers not available as of the date of this notice if it becomes necessary.

Contemporaneously with the filing of this notice of removal, Great Lakes has served a notice of filing notice of removal upon Plaintiff as required by 28 U.S.C. § 1446(d), a copy of which (without exhibits) is attached as **EXHIBIT C**. The original notice, with exhibits, is being filed with the clerk of the state court in accordance with 28 U.S.C. § 1446(d).

Great Lakes is the only defendant named in this action, and it may remove the action without seeking the consent of any other party. *See White v. Bombardier Corp.*, 313 F.Supp.2d 1295, 1299-1300 (N.D. Fla. 2004); 28 U.S.C. § 1446(b).

As 28 U.S.C. § 1446(a) also requires, the grounds for removal are set forth below.

### III. SUMMARY OF THE GROUNDS FOR REMOVAL

As further demonstrated herein, this action is removable because there is a complete diversity of citizenship between the Parties and the amount in controversy exceeds $75,000.00, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a).

28 U.S.C. § 1332(a)(2) provides in pertinent part:

(a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

…

 (2)   citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

28 U.S.C. § 1332(a)(2).

**A.   The amount in controversy exceeds $75,000 and is evidenced by Plaintiff's Demand.**

In setting forth the amount in controversy, "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).  But if there is a dispute regarding the

amount in controversy, the burden rests on the defendant to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. Id. at 553–54 (quoting 28 U.S.C. § 1446(c)(2)(B)).

However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 754 (11th Cir. 2010). "Where, as in this case, the complaint alleges an unspecified amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010)). The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F. 3d at 1061-62; *Pretka*, 608 F. 3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015).

Furthermore, demand letters do not automatically establish the amount in controversy. *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in

5

controversy for purposes of diversity jurisdiction"). Rather, courts evaluate whether demand letters "reflect puffing and posturing" or "whether they provide 'specific information to support the plaintiff's claim for damages.'" *Lamb*, 2010 WL 6790539, at *2 (quoting *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)).

Here, Plaintiff's damages are evidenced by the Demand served on April 3, 2023, which exceeds $75,000.00.[2] In support thereof, Plaintiff attaches two written itemized repair estimates prepared by Plaintiff's roofer and loss consultant (collectively the "Estimates"). Plaintiff alleges that the Estimates represent the cost

---

[2] Numerous courts have concluded that Federal Rule 408 does not make settlement offers inadmissible as evidence of the amount in controversy. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 n. 3 (9th Cir. 2002) ("We reject the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy."); *Ray v. American Airlines, Inc.*, No. 08-5025, 2008 WL 3992644, *4 (W.D. Ark. Aug. 22, 2008) ("We agree that Rule 408 does not prohibit the use of a settlement letter to establish the amount in controversy"); *Haydel v. State Farm Mut. Aut. Ins. Co.*, No. CIVA 07-939-C, 2008 WL 2781472, *8 n. 8 (M.D. La. July 11, 2008) ("Like other courts, the undersigned also rejects the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy"); *Finnegan v. Wendy's Intern., Inc.*, No. 2:08-cv-185, 2008 WL 2078068, *3 (S.D. Ohio May 13, 2008) ("Courts have held that Rule 408 does not preclude the use of settlement offers to establish that the amount-in-controversy requirement has been met"); *Sulit v. Slep-Tone Entm't*, No. C06-00045 MJJ, 2007 WL 4169762, *3 n. 1 (N.D. Cal. Nov. 20, 2007); ("The Court agrees with Defendants that Rule 408 does not prohibit use of settlement evidence that is not offered to prove liability or invalidity of the claim or its amount"); *Turner v. Baker*, No. 05-3298-CV-S-SWH, 2005 WL 3132325, *3 (W.D. Mo. Nov. 22, 2005) ("Other courts that have considered the issue have allowed the use of information exchanged in settlement negotiations to determine if the amount in controversy requirement has been satisfied"); *LaPree v. Prudential Financial*, 385 F.Supp.2d 839, 849 n. 9 (S.D. Iowa 2005) ("Prudential asserts that under Federal Rules of Evidence 408 . . . settlement proposals are inadmissible to prove liability or the amount of a claim, and therefore the court is prohibited from using them to determine the amount in controversy. This argument has been advanced before and has failed") citing *Cohn*, 281 F.3d at 840 n. 3; *Coleman v. NPC Int'l, Inc.*, 4:09-CV-50/RS/WCS, 2009 WL 10675080, at *2 (N.D. Fla. Mar. 4, 2009).

of repairs to Plaintiff's property as a result of damage the property sustained due to Hurricane Ian. Collectively, the Estimates provide a detailed room-by-room estimation of Plaintiff's repair costs. Additionally, the Demand provides a breakdown for "indemnity" and "fees." Furthermore, the "indemnity" demand specifically "removed" the insurance policy's $11,900.00 wind and hail deductible. Finally, Plaintiff's "indemnity" demand exceeds $75,000.00. Therefore, Plaintiff's Demand, and the supporting Estimates, provide sufficient evidence regarding Plaintiff's alleged damages. Lastly, distinguishable from the demand in *Lamb*, which failed to "explain how Lamb arrived at her damages calculation," Plaintiff's Demand includes two line-item estimates of Plaintiff's alleged damages. *Lamb*, 2010 WL 6790539, at *2. Accordingly, the amount in controversy is sufficient to invoke the Court's jurisdiction.

### B. Complete diversity of citizenships exists between the parties.

#### i. Plaintiff is a Citizen of Florida

Plaintiff is domiciled in the State of Florida and resides in Orange County, Florida. Evidence of his domicile includes, but is not limited to, the allegations in the Operative Complaint that Plaintiff is a resident of Orange County, Florida, and owns the subject property, which is situated in Orange County, Florida. Operative Compl., at ¶¶ 3, 6. Furthermore, according to the publicly available records from the Orange County Property Appraiser, Plaintiff maintains a homestead exemption

at the subject property located at 9626 Hollyglen Place, Windermere, Florida 34786.³ Plaintiff also maintains an active voter registration in Orange County, Florida, having been registered to vote in Florida since at least 2010, which is further evidence of Plaintiff's domicile and intent to remain in Florida.

### ii. Defendant Great Lakes is a Citizen of Germany

Defendant, Great Lakes Insurance SE, is organized as Societas Europaea, or "SE," and is a European corporation pursuant to the corporate laws of the European Union. In determining the citizenship of an SE for federal diversity jurisdiction purposes, the district court in *SNC-Lavalin Constructors Inc. v. Tokio Marine Kiln Insurance Limited, Certain Underwriters at Lloyd's*, Civ. Nos. GJH-19-873 and GJH-19-1510, 2021 WL 2550505 (D. Md. June 21, 2021) found that an SE had all of the features of a U.S. corporation. *Id*. at *9. Accordingly, the court concluded that an SE should be treated like a U.S. corporation for the purposes of diversity jurisdiction. *Id*. Therefore, when determining Great Lakes' citizenship, it is a citizen

---

³ Available public records can be considered when determining a party's citizenship or domicile; these records could include property records and voter registration. *Brooks v. Sears, Roebuck and Co.*, No. 6:18-cv-5534-Orl-37DCA, 2018 WL 3445421, at *2 (M.D. Fla. Jul. 24, 2018); *Akkan v. Nationstar Mortg. LLC*, No. 1:16-cv-1999-WSD-LTW, 2016 WL 11260335, at *1 (N.D. Ga. Nov. 16, 2016); *Taylor v. American Heritage Church Finance, Inc.*, No. 6:10-cv-559-Orl-31GLK, 2010 WL 2889694, *1-2 (M.D. Fla. Jul. 19, 2010) ("Factors frequently taken into account when assessing the domicile of a party include: the party's current residence; payment of taxes; voter registration and voting practices; driver's license and automobile registration; situs of personal and real property…."); *Jakobot v. American Airlines, Inc.*, No. 10-61576-CIV, 2011 WL 2457915, *4 (S.D. Fla. Jun. 20, 2011); *Matos-Cruz v. JetBlue Airways Corp.*, No. 6:17-cv-380-Orl-37TBS, *1 (M.D. Fla. Aug. 1, 2017).

of both its state of incorporation and principal place of business for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

Great Lakes' registered office is in Munich, Germany, entered into the commercial register of the local court in Munich under HRB 230378. Furthermore, Great Lakes' principal place of business is at Königinstrasse 107, 80802 Munich, Germany. Therefore, Great Lakes' state of incorporation and principal place of business are both Munich, Germany, and Defendant is therefore a citizen of Germany. Accordingly, because Plaintiff is a citizen of Florida and Defendant is a citizen of Germany, there is complete diversity between the parties.

**B.    This Action is filed in Orange County, located in the Orlando Division of this Court**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Here, Plaintiff has filed this action in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, thereby submitting to the jurisdiction of Orange County as the proper venue. Orange County is located in the Orlando Division of this Court. Accordingly, and without conceding that the current venue is proper, Defendant states that removal to the Orlando Division of this Court is proper pursuant to 28 U.S.C. § 1441(a).

## IV. CONCLUSION

Removal is proper pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), there being complete diversity of citizenship between Plaintiff and Defendant, and the matter in controversy, exclusive of interest and costs, exceeds $75,000.00. Great Lakes has met all procedural requisites for removal, and the notice is timely filed. Accordingly, Great Lakes respectfully requests this court take jurisdiction and conduct all further proceedings in this case.

Submitted this May 2, 2023.

By:   */s/ David B. Levin*
      David B. Levin
      Florida Bar No.: 026394
      dlevin@bakerdonelson.com
      Jennifer T. Harley
      Florida Bar No.: 962821
      jharley@bakerdonelson.com

      Baker, Donelson, Bearman,
      Caldwell & Berkowitz, PC
      1 Financial Plaza, Suite 1620
      Fort Lauderdale, Florida 33394
      Telephone: (954) 768-1600
      Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 2, 2023, I filed the foregoing Notice of Removal electronically via CM/ECF, which will send notice to all parties/attorneys on the list to receive service/notice in this case, including but not limited to:

Stephanie Balint, Esq.
Homeowner Legal Solutions, LP.
940 South State Road 7                    s
Plantation, Florida 33317
sb@home-legal.com
pleadings@home-legal.com
*Counsel for Plaintiff*

                                                    /s/David B. Levin